IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH RICHARD WINCHELL, )<br>　　　Petitioner, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　v. 　　　　　　　　　　　　　　) 　2:09-cv-1232<br>　　　　　　　　　　　　　　　　　　　)<br>DOMINICK J. MOTTO, et al., )<br>　　　Respondents. 　　　　　　　)| |

Report and Recommendation

I. Recommendation;

It is respectfully recommended that the petition of Keith Richard Winchell for a writ of habeas corpus be dismissed for failure to exhaust the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Keith Richard Winchell, an unincarcerated pretrial defendant in charges pending in Lawrence County, has presented a petition for a writ of habeas corpus. In his petition, Winchell appears to be alleging that commencing in 2007 and continuing, he has been arrested several times in conjunction with pending criminal charges but that these charges have yet to come to trial, and that he has also been subjected to frequent physical assaults.[1]  In support of his petition here Winchell has also appended a document alleging that he owe $144.95 in Court fees.

---

[1] If in fact the petitioner seeks redress for these arrests and physical assaults, the proper action for him to bring is one pursuant to 42 U.S.C. 1983 the forms for which may be obtained from the Clerk of this Court..

1

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United

States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the petition is difficult to comprehend so we have looked to the records of the Court of Common Pleas of Lawrence County.[2]  That docket reveals that the petitioner was charged with DUI and Driving at Safe speed violations which allegedly occurred on April 29, 2007; that these charges were waived to the Court of Common Pleas; that counsel appeared on behalf of the petitioner; that repeated requests for continuances were made by both the prosecution and the defense; that defense counsel was permitted to withdraw on June 23, 2009 and that as recently as November 19, 2009, the scheduled trial was continued to the January

---

[2] This information is located at the Pennsylvania Unified Judicial System Webportal, http://ujsportal.pacourts.us at Docket: CP-37-CR-0001107-2007.

2010 trial term. The record also discloses that no appellate relief was sought from the actions of the Court of Common Pleas, and that the matter is presently schedule for trial in January 2010.

Thus, it is apparent that the delay in disposing of this matter may in large part be attributed to the petitioner, and that the petitioner has not sought any intervention by the Pennsylvania appellate courts. Because there are unexhausted state court remedies available to the petitioner, his petition here is premature. Accordingly, it is recommended that the petition of Keith Richard Winchell for a writ of habeas corpus be dismissed for failure to exhaust the available state court remedies, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                      Respectfully submitted,

                                                      s/Robert C. Mitchell,

Entered: December 3, 2009                United States Magistrate Judge